UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20812-CIV-MARTINEZ/SANCHEZ

OMER ASWAD,

    Plaintiff,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Omer Aswad's Motion for Default Judgment or Motion for Trial, ECF No. 8 (the "Motion"), to which the United States filed a response in opposition, ECF No. 9 (the "Response").[1] Following a careful review of the Motion, the Response, the pertinent portions of the record, and the applicable law, and being otherwise duly advised on the matter, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Default Judgment or Motion for Trial, ECF No. 8, be **DENIED**.

"'Service of process is a jurisdictional requirement:' a court lacks personal jurisdiction over a party that has not been served." *Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011) (quoting *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008)); *see also, e.g.*, *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Generally, where service of process is insufficient, the court has no power to render

---

[1] On March 25, 2024, the Honorable Jose E. Martinez, District Judge, referred this case to the undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on all dispositive matters. ECF No. 7.

judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Albert v. Discover Bank*, Case No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022); *see also, e.g.*, *Sun v. United States*, 151 F. App'x 860, 862 (11th Cir. 2005) (holding that "the district court properly denied [plaintiff's] motion for a default judgment" where "service was not effected in accordance with Rule 4 of the Federal Rules of Civil Procedure"); *Castillo v. Vance*, No. 20-81139-CIV, 2020 WL 13379380, at *2 (S.D. Fla. Oct. 5, 2020) ("[B]ecause Plaintiff has failed to properly execute service of process, she has not fulfilled the first predicate necessary to move for default judgment.").

Plaintiffs must satisfy three requirements to properly serve United States agencies like Defendant U.S. Citizenship and Immigration Services ("USCIS"). Fed. R. Civ. P. 4(i). They must: (1) deliver a copy of the summons and complaint to the U.S. Attorney for the district in which the action is brought, or to an Assistant U.S. Attorney or clerical employee designated by the U.S. Attorney;[2] (2) send a copy of the summons and complaint to the U.S. Attorney General in Washington, D.C. by registered or certified mail; and (3) send a copy of the summons and complaint to the agency whose order is being challenged (here USCIS) by registered or certified mail. *Id.*

Here, when Plaintiff filed his motion for default judgment, Plaintiff had not perfected service of process for the Court to exercise personal jurisdiction over USCIS. On March 1, 2024, Plaintiff filed a complaint pursuant to 8 U.S.C. § 1447(b), seeking an order directing USCIS to adjudicate his N-400 Application for Naturalization. ECF No. 1. On that same day, the Clerk

---

[2] As an alternative to delivering a copy of the summons and complaint to the U.S. Attorney or to the U.S. Attorney's designee, a plaintiff may send a copy of each by registered or certified mail to the civil-process clerk at the U.S. Attorney's Office. Fed. R. Civ. P. 4(i)(1)(A)(ii).

issued a summons directed to USCIS, ECF No. 5, and Plaintiff served the summons and complaint on USCIS by certified mail, *see* ECF No. 6; ECF No. 9 at 1 (conceding that "Plaintiff has . . . served USCIS via certified mail"). Plaintiff, however, did not serve the U.S. Attorney for the Southern District of Florida or the U.S. Attorney General, as required by Rule 4(i). ECF Nos. 5 & 6. Indeed, Plaintiff's filings indicate that he did not attempt service on the U.S. Attorney or the U.S. Attorney General until May 24, 2024—after he filed his motion for default judgment and after the United States filed its response. *See* ECF Nos. 10-12, 14.

As Plaintiff failed to satisfy the service requirements established by Rule 4(i), the Court has no power to enter a default judgment against USCIS, and the Motion should be denied. *See Albert*, 2022 WL 1184405, at *1 (affirming denial of default judgment when Plaintiff did not attach a summons to the complaint and used unauthorized service method).

Moreover, even assuming that Plaintiff has now properly served USCIS by the actions he took on May 24, 2024, he has still failed to establish any entitlement to a default judgment. Indeed, before moving for a default judgment, a plaintiff must satisfy several prerequisites:

> (1) service must have been properly executed on the defendant; (2) the defendant must have failed to respond to the complaint within 21 days of service;[3] (3) the plaintiff must have moved for a clerk's entry of default under Rule 55(a); and (4) the Clerk of Court must have entered default against the defendant.

*Berenson v. John Hancock Life Ins. Co.*, No. 22-81866-CV, 2023 WL 4763179, at *1 (S.D. Fla. May 2, 2023); *see* Fed. R. Civ. P. 55. Here, however, defendant USCIS has not failed to respond during the allotted time, Plaintiff has not moved for a clerk's entry of default under Rule 55(a), and the Clerk of Court has not entered a default against USCIS. Accordingly, for these additional reasons, Plaintiff's request for entry of a default judgment against USCIS must be denied.

---

[3] Where the defendant is a United States agency, it normally has 60 days to respond to the complaint rather than 21 days. Fed. R. Civ. P. 12(a)(2).

## CONCLUSION

Based on the foregoing, the undersigned hereby **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Default Judgment or Motion for Trial, ECF No. 8, be **DENIED**.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 29th day of May, 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez

     Omer Aswad, *Pro Se*
     omer@aswads.com

     Counsel of Record